## Sejpner v. Molinda

*Bloom, Bloom, Rosenberg & Bloom*, for plaintiffs.
*Patrono, Ceisler & Edwards*, for defendants.

SWEET, P. J., September 21, 1970.—Superficially, this seems to be an ordinary personal injury case. It has, however, been complicated by the addition of three sets of interrogatories covering about 40 pages and allegedly totaling, with subinquiries, 379 questions. Plaintiff filed objections to the interrogatories and defendant filed a motion to strike the objections. Obviously, neither the undersigned nor any other judge has the time to analyze 379 interrogatories to determine whether any one of them may or may not have merit.

A quick review of the whole mass shows that some of the questions are answered by the pleadings, others are far afield and a few seem pertinent. The suspicion is inescapable that defendant's lawyer wants to make

plaintiff's lawyer work. It is just not feasible for the overburdened members of this court to add analysis of 379 interrogatories in an ordinary case to their present workload. If we do it for this one, the next case may provoke 380 and so on until we are engulfed in a morass of paperwork.*

To get away from this, we promulgate what will be known as "The Rule of 50." Except with cause shown and leave of court, no party shall propound to another on one occasion more than 50 interrogatories, including subheadings and subquestions. If more than 50 are propounded, we shall presume that they are vexatious and harassing. If fewer than 50 are propounded, exception must be taken, if at all, by specific number, with written reasons for *each* objection being set forth fully and at large. If fewer than 50 interrogatories are propounded, it will be assumed that they are not harassing and vexatious unless such characteristics are individually pointed out. This rule will be effective immediately.

In the instant case, the interrogatories of defendant are stricken without more, en masse, without prejudice of the right of defendant to submit a reasonable number of proper interrogatories under the guidelines hereinabove indicated.

### DISSENTING OPINION

McCUNE, J., September 24, 1970.—And now, September 24, 1970, the undersigned hereby expresses

---

* In a fascinating sidelight to the history of the American Civil War, D. S. Freeman describes Jefferson Davis, President of the Confederacy, long after midnight comparing the rifle numbers on items for Board of Survey with the original memorandum of issue to make sure that the rifles being declared unserviceable were in fact those originally issued. In this midnight toil, he exhausted his eyesight and his patience. The lesson is clear.

his dissent from the action of the majority of the court in adopting a court rule which limits the number of interrogatories which can be filed without court approval.